## OHIO COURTS OF APPEAL—Continued

No. 888

PIERCE v. BOOHER

Ohio Appeals, 2nd District, Montgomery County

No. 532. Decided Oct. 6, 1923

234. LIBEL AND SLANDER.

Reading letter to members of board of education and patrons of school, though libelous per se on its face, is privileged communication—Questions of malice and good faith and reasonable investigation of statements in letter are for jury—Evidence of improper acts by superintendent to pupils admissible in mitigation of damages.

ALLREAD, J.

Epitomized Opinion

Action for libel. The evidence disclosed that Pierce had been a teacher and superintendent of schools in Wayne Township, Montgomery County, and was about to be re-employed as superintendent. Booher, as a patron of the school and as leader of the anti-Pierce opposition, secured the Crawford letter which contained a recital of a series of acts and offenses charged against Pierce and other information in respect to Pierce, and endeavored to present the same to the Board of Education when the subject of re-employment was under consideration. The Crawford letter was read to the individual members of the board, which refused to permit the letter to be read at the open session. Booher thereupon read the letter outside the board meeting to the assemblage of patrons and citizens. The board re-employed Pierce, but later on discharged him. After the re-employment but before the discharge, Booher, in connection with others, held meetings at which the Crawford letter was read. The court charged that the Crawford letter was upon its face libelous per se and that Booher could only be relieved from liability by establishing his defense of privileged communication. The jury returned a verdict for Booher. Evidence was admitted tending to prove certain complaints and rumors as to improper acts by Pierce towards some of the pupils. Booher admitted on cross-examination that some of the cases mentioned in the Crawford letter were ascertained by him on investigation to be unfounded. In affirming the judgment the Court of Appeals held:

1. "The reading of the Crawford letter to the individual members of the board and the offer to read the same at the open session of the board were proper occasions for a privileged communication. We think also the meetings of patrons and citizens generally interested in schools were also proper occasions for privileged communications in respect to the employment or discharge of a superintendent of schools."

2. "If Booher acted without malice and after reasonable investigation of the truth of the statements made in the Crawford letter, the communication made to the patrons and citizens of the districts affected, would be privileged. Whether Booher acted in good faith and after reasonable investigation and for the

sole purpose of the good of the schools, was a question of fact which we think was properly submitted to the jury."

3. "The evidence tending to prove certain improper acts by Pierce towards some of the pupils was competent to the issue of good faith and in mitigation of damages." Case cited—50 OS. 71.

Attorneys—R. G. Fitzgerald, J. W. Sharts and A. P. Smith, for Pierce; Mattern, Brumbaugh & Mattern, for Booher; all of Dayton.